UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID WAYNE PRICE,

                Plaintiff,

vs.                            Case No. 2:11-cv-199-FtM-36SPC

WILLIAM CAMERON, Sheriff, SERGIO BERTUZZI, Corporal, THOMAS RODGERS, Major and ANTHONY FENECH, D.F.C.,

                Defendants.
_____/

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. David Wayne Price initiated this action by filing a *pro se* Civil Rights Complaint Form, pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint), while a pretrial detainee confined in the Charlotte County Jail. The Court granted Plaintiff leave to proceed *in forma pauperis*. Doc. #14.

**I.**

The Court is permitted to dismiss an *in forma pauperis* action at any time if the Court is satisfied that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or, seeks monetary damages against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings.

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. *Id.* at 325; *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309 (11th Cir. 2002); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke*, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. *Bilal*, 251 F.3d at 1349.

A complaint need not provide detailed factual allegations, but it must contain "sufficient factual matter" to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Ashcroft*, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Conclusory allegations, however, are

not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); *Marsh v. Butler County, Ala.*, 268 F.3d 1014,1036 n.16 (11th Cir. 2001). The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

**II.**

Plaintiff names four defendants: William Cameron, Sheriff of Charlotte County; Thomas Rogers, a "major" at Charlotte County Jail; Sergio Bertuzzi, a "corporal" at the Charlotte County Jail, and Antony Fenech, a "deputy" at the Charlotte County Jail. Complaint at 6-7. Plaintiff alleges that, on April 11, 2011, Defendant Fenech was "training a new officer" when an "altercation occurred" between him and another inmate, which resulted in both Plaintiff and the inmate being "pepper sprayed and handcuffed." *Id*. at 8. Plaintiff was taken to confinement. *Id*. Defendant Bertuzzi "as housing supervisor was in charge of inventorying [Plaintiff's] personal property," and Defendant Fenech "was supervising." *Id*. Plaintiff states that when he asked for a receipt for his personal property that was left in his cell, he was told that his property was "thrown away" because it constituted "contraband" since he did not purchase the items that were in his cell. *Id*. at 9. Plaintiff claims that, as a pretrial detainee, he is permitted to receive an item from another inmate "as long as it

-3-

is not altered." *Id*. Plaintiff alleges that he was subject to "discrimination" due to the destruction of his property. *Id*.

Plaintiff then alleges the following violations in a conclusory and seriatim manner: (1) as a pretrial detainee, he is being deprived of "the presumption of innocence" and denied "due process rights"; (2) the lack of law library at the jail is depriving inmates of their rights to effective assistance of counsel; (3) restriction of religious freedoms are depriving inmates of their rights under the First and Fourteenth Amendments; (4) restriction on visitation hours are depriving inmates of their rights under the First and Fourteenth Amendments; (5) cell searches conducted outside of the inmate's presence are depriving inmates of their rights under the Fourth, Eighth and Fourteenth Amendments; (6) the price of items in the jail's canteen is in violation of Florida's Model Jail Standards and Florida Criminal Statutes; (7) the meals provided inmates "are very meager" and in violation of Florida's Model Jail Standard requiring inmates be provided "3 substantial, wholesome and nutritious meals daily"; (8) the medical provider has failed to treat Plaintiff's hernia and the dental provider has not provided him with proper dental and oral hygiene services; (9) the conditions at the jail are "considerably worse than those to which many sentenced prisoners are subjected" and violate the Equal Protection clause; (10) the conditions at the jail are "severely punitive in nature and effectively punish

Plaintiff" in violation of the Fifth and Fourteenth Amendments; (11) the conditions at the jail are "severely punitive in nature and effectively punish Plaintiff" in violation of the Fifth and Fourteenth Amendments; the conditions at the jail "are so extreme as to constitute the infliction of punishment which is both cruel and unusual" in violation of the Eighth and Fourteenth Amendments; (12) the jail limits incoming mail to a postcard in violation of the First and Fourteenth Amendments; (13) the jail restricts "religious freedom" by denying material and publication directly from "recognized Christian associations" in violation of the First and Fourteenth Amendments; and (14) classification fails to adhere to Florida's Model Jail Standards and permits misdemeanor inmates to be held with "dangerous violent felons." *Id*. at 10-13.

As relief, Plaintiff seeks monetary damages in the amount of $1,000,000.00. Additionally, Plaintiff requests that the property "listed on [Plaintiff's] property receipt to be replaced," and inmates be provided with "more religious freedom," to include visits by Jehovah witnesses. *Id*. at 16.

## III.

At the outset, the Court will address Plaintiff's apparent lack of veracity in responding to the questions contained in the complaint form. Section IV of the Complaint requires that a prisoner-plaintiff list any previous lawsuits relating to their imprisonment or conditions thereof. Complaint at 5. In

particular, Section IV.B. asks the plaintiff whether he has "initiated other lawsuits filed in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof ?" *Id*. In response, Plaintiff checked "No." *Id*. In Section IV.D., a plaintiff is asked whether he has "initiated lawsuits . . . in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?" *Id*. If so, the plaintiff is required to identify the suit. *Id*. Plaintiff left the response to this question blank. *Id*. at 6. Plaintiff signed the complaint form attesting, "under penalty of perjury" that his answers to all questions on the form "are true and correct." *Id*. at 16.

The Court takes judicial notice that Plaintiff has previously initiated a § 1983 action as a prisoner before this Court that relates to the conditions of his confinement. In fact, approximately eight months prior to initiating the instant action, Plaintiff filed a civil rights complaint form alleging that the prison health care provider was deliberately indifferent to Plaintiff's medical needs (hernia) and the dental provider was deliberately indifferent to his dental needs. *See* Case No. 2:10-cv-578-36SPC. Thus, this earlier filed case clearly relates to the conditions of Plaintiff's confinement, and arguably relates to at

least certain of the allegations in the instant action. Consequently, Plaintiff's response to question IV.B was false.

Additionally, Plaintiff had a civil rights complaint dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted before he filed the instant action. Significantly, on January 13, 2010, the Court dismissed Plaintiff's civil rights complaint alleging various conditional violations pursuant to 28 U.S.C. § 1915(e)(2). *See* Case No. 2:09-cv-757-36SPC (Doc. #29). Thus, Plaintiff's failure to provide a response to question IV.D was misleading at best, and deceptive at worst.

The Courts have the authority to manage matters pending before them. This Court refuses to tolerate false responses or incomplete statements in any pleading or motion filed for consideration by the Court. Rule 11(b) of the Federal Rules of Civil Procedure forbids misrepresentations in any pleadings, motions, and other papers filed with the court. Further, Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by the . . . Federal Rules of Civil Procedure." *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006). The quality of justice is threatened when the Court cannot rely on statements and/or responses submitted by parties.

Here, both actions concerned Plaintiff's confinement within the Charlotte County Jail and both actions were filed within the last two years. The Court finds Plaintiff's failure to provide

complete and truthful responses in his Complaint is an abuse of the judicial process. For this reason alone, the Complaint is subject to dismissal. *See Young v. Sec'y, Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010)(affirming district court's dismissal of prisoner's complaint for failing to disclose his prior cases). *See also Finfrock v. State of Fla.*, Case No. 2:09-cv-630-FtM-29SPC, 2009 WL 3429789 *2 (M.D. Fla. Oct. 21, 2011); *Stringer v. Doe,* Case No. 5:11-cv-1-RS-EMT, 2011 WL 2838128 *6 (N.D. Fl. June 16, 2011); *McCain v. Nelson*, Case No. CV410-261, 2011 WL 675030 *2 (S.D. Ga. Feb. 23, 2011).

Nevertheless, upon a review of the merits, the Court finds that Plaintiff's Complaint is subject to dismissal because it is frivolous and fails to state a claim upon which relief can be granted as to any Defendant. First, the Complaint is completely devoid of any allegations as to Defendants Cameron and Rogers. Thus, Plaintiff fails to aver any affirmative causal connection between these Defendants' conduct and the alleged constitutional deprivation. *Marsh v. Butler County, Ala.*, 268 F.3d at 1059.

Plaintiff attributes liability to Defendants Bertuzzi and Fenech on the basis that these officers were involved in conducting an inventory of Plaintiff's personal property, which apparently was destroyed. The Fourteenth Amendment of the Federal Constitution provides, in part, that the State may not "deprive any person of life, liberty, or property, without due process of law[.]" Thus,

"a § 1983 claim alleging a denial of procedural due process, requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)(citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). To have a property interest, Plaintiff must demonstrate "more than an abstract need or desire for it . . . . He must, instead, have a legitimate claim of entitlement to it" under state or federal law. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Plaintiff fails to specify the exact nature of the property that was removed from his cell. Plaintiff states that the officers told him the property was determined to be contraband. An inmate has no property interest in any item that is classified as contraband. *See Weems v. St. Lawrence*, 2009 WL 2422795 *4, n.6 (S.D. Ga. 2009); *see also Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006); *Lyon v. Ferrier*, 730 F.2d 525 (8th Cir. 1984); *Kimble v. Michigan Dep't of Corr.*, 411 F.2d. 990, 991 (6th Cir. 1969).

Plaintiff disputes that the property was contraband. Even assuming *arguendo* that Plaintiff's property did not constitute contraband and Plaintiff could demonstrate a property interest in the unspecified property, he can not show the third element required for a procedural due process claim because the Supreme

Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, if Plaintiff's unspecified property was destroyed, the Complaint is still subject to dismissal because Plaintiff does not allege an inadequate post-deprivation process. Indeed, Plaintiff cannot allege an inadequate post-deprivation process because Plaintiff's claim regarding any loss of or destruction to his personal property may be raised in a tort action under Florida state law. *See* Fla. Stat, Section 768.28.

Additionally, to the extent that Plaintiff is attempting to articulate an equal protection violation, his claim is equally flawed. "To establish an equal protection claim, a prisoner must demonstrate: (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted). Conclusory allegations of disparate treatment or personal belief of discriminatory intent is insufficient. *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir. 1998). Plaintiff, in a wholly conclusory fashion, claims he was treated differently than other

inmates, but fails to provide any facts as to how he was treated differently than any other pretrial detainee or inmate held in the Charlotte County Jail to sustain an equal protection claim.

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED**:

1. This case is hereby **DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).**

2. The **Clerk of the Court** shall terminate all pending motions, enter judgment dismissing this case without prejudice, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, on this 20th day of October, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record